UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA REEDY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:12-cv-00381-WTL-WGH |
| ) | |
| DICK BROWN, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Joshua Reedy for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVS 12-08-0009. For the reasons explained in this Entry, Reedy's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

Reedy, an inmate at the Wabash Valley Correctional Facility, was charged with violating prison rules. On August 2, 2012, Caseworker Charles Dugan wrote a Report of Conduct charging Reedy with attempted trafficking. The Report of Conduct states:

> On 8-2-12 a routine inspection was made of incoming legal mail to offender Joshua Reedy #132362. Concealed within the mailed material I Caseworker Dugan found the below listed contraband and confiscated the mail per policy. The mailed material was addressed to Offender Joshua Reedy # 132362 (A-1001).
>
> The contraband found in this instance was as follows: Cell phone, battery, charger.
>
> The offender named in this charged document was in violation of ADPP A111/A113 in that he conspired, attempted to conspire, aided or abetted with another to traffick (sic) via the US Mail.

On August 7, 2012, Reedy was notified of the charge of attempted trafficking and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report". Reedy was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He did not request any witnesses, but requested visit and phone lists as physical evidence to show that he does not know the attorney who allegedly mailed the contraband.

The hearing officer conducted a disciplinary hearing in WVS 12-08-0009 on August 9, 2012, and found Reedy guilty of the charge of attempted trafficking. In making this determination, the hearing officer considered the offender's statements, staff reports, and other physical evidence, including the visit lists, phone lists, and photographs of the confiscated cell phone, battery, and charger. The hearing officer recommended and approved the following sanctions: a written reprimand, one month of lost commissary privileges, a 90 day deprivation of earned credit time, and a demotion from credit class I to credit class II. The hearing officer

imposed the sanctions because of the seriousness of the offense and the likelihood that the sanction would have a corrective effect on Reedy's future behavior.

Reedy exhausted his available administrative appeals with regard to the issues raised in his Petition.

### C. Analysis

The only claim Reedy presses in his reply to the return to order to show cause is his challenge to the sufficiency of the evidence. Specifically, Reedy claims that the trafficking charge is based on the theory that an attorney, unknown to Reedy, allegedly committed a felony by sending Reedy contraband through the mail. Reedy asserts that prison officials did not believe that this attorney actually sent him the contraband; if they did, they should have pursued criminal charges against that attorney. Reedy argues that despite the fact that there is no plausible basis to conclude that he conspired with the attorney whose name appears on the return address label of the envelope containing the contraband, he was still found guilty of the trafficking charge. Reedy's argument misses the point. He was found guilty of attempting to traffic. There is no requirement that prison officials identify the specific person outside the prison who conspired to traffic with Reedy. It is enough that that there was some evidence to support the charge.

The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as "some evidence." *Id.; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). Here, some evidence was established by the Report of Conduct as well as the physical evidence confiscated. Contraband, in the form of a cell phone, battery, and charger, was sent through the mail and addressed to Reedy. The hearing officer considered all of the evidence requested by Reedy, including the

phone and visit lists. After considering all of the evidence presented, the hearing officer found Reedy guilty of attempted trafficking. Despite Reedy's assertion, there is no evidence which establishes Reedy's innocence. There was some evidence to support the charge and this is sufficient for the purposes of due process. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the . . . [hearing officer's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Reedy to the relief he seeks. Accordingly, Reedy's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/15/2013

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA REEDY
132362
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel